UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FILOMENA NIETA LUA, | ) | NO. ED CV 05-0707-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

### SUMMARY OF PROCEEDINGS

On August 3, 2005, plaintiff, Filomena Nieto Lua ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On August 22, 2005, the parties filed a consent to proceed before the magistrate judge. On November 9, 2005, plaintiff filed a brief in support of the complaint. On December 8, 2005, the Commissioner filed a brief in opposition to the relief requested in the complaint.

**SUMMARY OF ADMINISTRATIVE RECORD**

**1.   Proceedings**

On June 13, 2002, plaintiff filed an application for disability insurance benefits, alleging disability since July 23, 2001 due to lower back pain, leg pain, difficulty bending over, turning side to side, lumbar disc sprain and trochanteric bursitis.  (TR 52, 82).[1]  The application was denied initially and upon reconsideration.  (TR 23, 34).

On August 21, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").  (TR 38).  On June 23, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ.  (TR 267-81).  On July 8, 2004, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, because plaintiff retains the residual functional capacity to perform medium work and her medically determinable impairment does not prevent her from performing her past relevant work as a laundry presser.  (TR 16-20).  On August 26, 2004, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision.  (TR 8).  On June 23, 2005, the request was denied.  (TR 3).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner.  Plaintiff subsequently sought judicial review in this court.

**2.   Summary Of The Evidence**

The ALJ's decision (TR 16-20), except as otherwise noted, materially summarizes the evidence in the case.

---

[1]   "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

**PLAINTIFF'S CONTENTIONS**

Plaintiff essentially contends as follows:

1. The ALJ failed to properly consider the opinion of plaintiff's treating physician;
2. The ALJ erred in failing to properly assess plaintiff's credibility and the credibility of her daughter's statements; and,
3. The ALJ erred by failing to obtain and consider vocational and medical expert testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

**DISCUSSION**

**1.   The Sequential Evaluation**

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the

4

person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

**2.  Issues**

**A.  Treating Physician**

Plaintiff contends that in determining plaintiff's residual functional capacity, the ALJ failed to properly consider the opinion of plaintiff's treating physician in her worker's compensation case, Dr. Ralph N. Steiger.

A treating physician's opinion is entitled to greater weight than that of an examining physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Andrews v. Shalala, 53 F.3d at 1041(citation omitted). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). To reject the uncontroverted opinion of plaintiff's physician, the ALJ must present clear and convincing reasons for doing so. Andrews v. Shalala, 53 F.3d at 1041(citation omitted).

Even if the treating physician's opinion is contradicted by other doctors, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by

5

substantial evidence. Rollins v. Massanari,261 F.3d 853, 856 (9th Cir. 2001) (citation omitted).

Dr. Steiger, who treated plaintiff in connection with her worker's compensation case, opined that plaintiff had a sprain in the lumber spine region, trochanteric bursitis, and disc bulges at L4-5 and L5-S. (TR 199-200). He further opined that, due to these physical impairments, plaintiff had the following work restrictions: no repetitive twisting, no heavy lifting and no repeated bending or stooping. Id. In his initial evaluation report, Dr. Steiger noted that plaintiff's previous work as a laundry presser required constant standing, frequent pulling, stooping, reaching, bending, twisting, grasping, lifting up to 50 pounds, overhead and detailed handwork and occasional squatting and walking. (TR 206). Based on these limitations and his understanding of the requirements of plaintiff's work, he opined that vocational retraining of plaintiff is required. (TR 200).

Under the California worker's compensation guidelines, a disability precluding "heavy lifting, repeated bending and stooping" contemplates that the individual has lost approximately half of his pre-injury capacity for lifting, bending and stooping. Macri v. Chater, 93 F.3d 540, 543-44((1996)(citing Glass v. Worker's Compensation Appeals Bd., 105 Cal.App.3d 297 (1980)). Given that Dr. Steiger's understanding of plaintiff's job was that in involved lifting up to 50 pounds and frequent bending and stooping, it can be inferred from Dr. Steiger's finding that plaintiff was precluded from "heavy lifting, repeated bending and stooping," that, in Dr. Steiger's opinion, plaintiff was limited to half her pre-injury capacity, or "light" exertional-level work with restrictions on twisting, bending and stooping. See Macri v.

Chater, 93 F.3d at 543-44 (where doctor in worker's compensation case opined that plaintiff, whose pre-injury capacity enabled him to lift up to 40 pounds occasionally and 25 pounds frequently, was precluded from "heavy lifting, repeated bending and stooping," ALJ properly determined that plaintiff could perform light work, which represented half his pre-injury capacity). In other words, according to Dr. Steiger's opinion, plaintiff could not perform her past relevant work.

The state agency physician, Dr. George Spellman, reviewed and considered plaintiff's statements, medical records, and medical evaluations, including the reports of Dr. Steiger. Dr. Spellman expressly stated that he was giving substantial weight to the opinion of Dr. Steiger in his evaluation and acknowledged giving Dr. Steiger's opinion more weight than the opinion of the consultative examiner because Dr. Steiger was plaintiff's treating physician. (TR 238). However, Dr. Spellman ultimately found that plaintiff was capable of performing medium exertional-level work, or lifting up to 50 pounds occasionally and 25 pounds frequently. (TR 233). In addition, in contrast to Dr. Steiger, Dr. Spellman found that plaintiff had no postural limitations. (TR 234).

The ALJ assessed plaintiff's residual functional capacity as being capable of performing medium exertional-level work. The ALJ's assessment was based on the residual functional capacity assessment by Dr. Spellman. (TR 17). In his decision, the ALJ also reviewed the findings of Dr. Steiger, stating, incorrectly, that Dr. Steiger's residual functional capacity "is not significantly different from the medium residual functional capacity assessed by the State Agency review physicians at Exhibit 7F." (TR 18). The ALJ also failed to discuss or

even mention the fact that Dr. Steiger found that vocational retraining is required because plaintiff cannot perform her past relevant work. ALJ's error appears to be based on his failure to translate the worker's compensation terminology used by Dr. Steiger into Social Security terms.

Accordingly, in determining plaintiff's residual functional capacity, the ALJ either materially misinterpreted the opinions of Dr. Steiger, mistakenly believing that they were consistent with a medium residual functional capacity, or he rejected Dr. Steiger's opinions without providing legally sufficient reasons for doing so. As a result, remand is warranted. On remand, if the Commissioner determines that the opinions of Dr. Steiger should be rejected, then he should provide legally sufficient reasons for doing so. If not, then the Commissioner should proceed to step five of the sequential evaluation.

### B. Credibility Assessment

Plaintiff contends that the ALJ erred by not properly assessing the credibility of plaintiff's testimony and the credibility of the unsworn statement of plaintiff's daughter concerning plaintiff's daily activities.

#### 1. Plaintiff's testimony

The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Although the ALJ's interpretation of plaintiff's testimony may not be the only reasonable one, if it is supported by substantial evidence "it is not [the court's] role to second-guess it." Rollins v. Massanari, 261 F.3d at 857(citation omitted).

"Generally, a [plaintiff's] credibility becomes important at the

8

1  stage where the ALJ is assessing [RFC], because the [plaintiff's]
2  subjective statements may tell of greater limitations than can medical
3  evidence alone." Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir.
4  2001). For this reason, the ALJ may not reject plaintiff's testimony
5  regarding plaintiff's limitations merely because they are not supported
6  by objective evidence. Id. at 1147-48 (citation omitted). However,
7  "the medical evidence is still a relevant factor in determining the
8  severity of [plaintiff's] pain and its disabling effects." Rollins v.
9  Massanari, 261 F.3d at 857(citing 20 C.F.R. § 404.1529(c)(2)).

In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's testimony. Tonapetyan v. Halter, 242 F.3d at 1148. The ALJ must give specific, convincing reasons for rejecting plaintiff's subjective statements. Id. (citation omitted). See also Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

The ALJ found that plaintiff's testimony as to her subjective complaints and limitations does not credibly establish that she cannot return to her past relevant work. (TR 19). The ALJ's credibility assessment is based on legally sufficient reasons and is supported by substantial evidence. The ALJ correctly observed that since the settlement of her worker's compensation case on June 11, 2002, the record evidence of medical treatment for plaintiff's alleged back and hip impairments has been minimal. (TR 19, 73). Conservative treatment, particularly in light of the reduction in treatment after she received her worker's compensation settlement, is an appropriate factor for the ALJ to consider in assessing the credibility of plaintiff's testimony.

9

Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(ALJ properly considered conservative treatment prescribed in determining the credibility of plaintiff's symptom testimony).

The ALJ also found that plaintiff's testimony concerning her symptoms was markedly exaggerated. (TR 19). As the ALJ pointed out, plaintiff's testimony concerning pain and numbness in her upper extremities and pain in her head is greatly expanded from the symptoms she described in her application and to her worker's compensation doctor. (TR 82, 205, 275-76). The ALJ also observed that the claims representative who conducted a lengthy initial interview of plaintiff also noted that plaintiff appeared to have no physical or mental limitations. (TR 19, 94). Such evidence supports the ALJ's assessment that plaintiff's symptom testimony has limited credibility. See Batson v. Commissioner of Social Security Administration, 359 F 3d 1190, 1196-97(9th Cir. 2004)(internal inconsistencies in plaintiff's testimony an appropriate consideration in ALJ's credibility assessment).

The ALJ similarly observed that plaintiff's testimony concerning her extreme limitations in her functional capacity was exaggerated and unsupported by the medical and other evidence in the record. (TR 19). As the ALJ noted, plaintiff testified that she could sit for only five minutes, could walk less than a block, could sit for thirty minutes, and could lift only two pounds. (TR 276-78). These limitations are not only unsupported by the medical evidence, they are contradicted by the consultative orthopedist's findings after a full examination of plaintiff. (TR 217-24). The ALJ also observed that plaintiff appeared at the hearing using a cane, although she admitted that no cane had been prescribed for her by a doctor and that the cane belonged to her

husband. (TR 19). Although the ALJ may not discredit a plaintiff's symptom testimony merely because it is unsupported by medical evidence, the lack of medical support for plaintiff's assertions is relevant to the credibility of her allegations. See Rollins v. Massanari, 261 F.3d at 857. ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of plaintiff's pain and its disabling effects"); 20 C.F.R. § 404.929(c)(2).

Finally, the ALJ found that plaintiff's implied inability to communicate in English based on her request for an interpreter was not credible given her observed ability to understand and answer questions at the hearing before they were translated. (TR 19). In addition, plaintiff admitted to taking her naturalization tests in English, having taken English classes, and being able to write and read in English, including reading the newspaper in English. (TR 271-72). The ALJ could properly consider such inconsistencies in assessing plaintiff's credibility. Tonapetyan v. Halter, 242 F.3d at 1148 (in assessing plaintiff's credibility the ALJ may use "ordinary techniques of credibility evaluation").

Accordingly, the ALJ's credibility assessment is free from material legal error and supported by substantial evidence. Remand is not warranted on this issue.

### 2. Statements of Plaintiff's Daughter

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232

(9th Cir. 1987); see also Crane v. Shalala, 76 F.3d 251, 254 (1996). The ALJ may not discount witness reports solely because they were procured by plaintiff. Crane v. Shalala, 76 F.3d at 254 (citation omitted). Rather, if the ALJ wishes to discount the testimony of a lay witness, she must give reasons that are germane to that witness. Crane v. Shalala, 76 F.3d at 254 (citation omitted).

There was no lay testimony at plaintiff's hearing. (TR 269-281). Rather, plaintiff argues that the ALJ improperly disregarded the statements made by plaintiff's daughter in an unsworn statement of plaintiff's daily activities submitted to the Administration in support of plaintiff's application.

The ALJ did not disregard the statements of plaintiff's daughter. Instead, the ALJ considered these statements and found that the limitations described in these statements "would not preclude the performance of work within the residual functional capacity assessed herein." (TR 19).

This finding is supported by substantial evidence. The daily activities report filled out by plaintiff's daughter generally states that plaintiff is fully capable of taking care of herself and her family and engages in significant daily activities that are substantially unfettered by her alleged impairments. (See TR 96-101). Specifically, the daughter states that plaintiff generally spends a typical day taking morning walks, doing laundry, cooking, picking up children from school, watching television, and that the only specific assistance her mother needs is with "cleaning on things she can't do," such as sweeping, mopping and vacuuming. (TR 96-98). She further states that her mother takes care of her son and does his laundry and prepares his meals. (TR

99). As discussed above, these statements contradict plaintiff's testimony at the hearing that she performs only a very few daily activities, primarily just watching TV, does no laundry, and cooks only occasionally. (TR 277-280). The daughter's statements do not support plaintiff's claim that she cannot work. Remand is not warranted on this issue.

### C.  Expert Testimony

Plaintiff contends that the ALJ erred by failing to call either a medical expert to testify regarding plaintiff's limitations or a vocational expert to testify as to whether plaintiff is capable of performing her past relevant work or other work that exists in sufficient numbers in the national economy.

#### 1.  Medical Expert

The Administrative Law Judge (ALJ) has a special duty to fully and fairly develop the record. Tonapetyan v. Halter, 242 F.3d at 1150. The ALJ's duty to develop the record exists even when plaintiff is represented by counsel. Id. However, the responsibility of the ALJ is not unlimited. The ALJ's duty to "conduct an appropriate inquiry" is triggered only if the evidence is ambiguous or if the ALJ determines that the record is inadequate for proper evaluation. Id.; see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The regulations provide that the ALJ "may" ask for medical expert opinions. 20 C.F.R. §404.1527(f)(2)(iii). Thus, under the regulations, the ALJ's decision to call a medical expert is discretionary, not mandatory.

Here, plaintiff was represented by counsel at the hearing. (TR 269). Plaintiff did not request the testimony of a medical expert at

13

the hearing.  (TR 269-281).  Prior to the hearing, plaintiff was expressly invited to submit additional documents in support of her claim and had the opportunity to introduce any additional documents at the hearing.  (TR 47).

In determining plaintiff's residual functional capacity, the ALJ considered and evaluated medical evidence concerning plaintiff's alleged impairments, including plaintiff's medical records, the report of the state agency physician who reviewed plaintiff's medical records, the report of the consultative examiner, who gave plaintiff a thorough physical examination, and the evaluation of Dr. Steiger, the physician who evaluated plaintiff for her worker's compensation case.  None of this medical evidence supports plaintiff's claim that she is disabled.  Further, although some evidence is conflicting and the ALJ erred in his assessment of Dr. Steiger's opinion, the evidence is not ambiguous or insufficient to permit a determination as to whether plaintiff is disabled under the Act.  Accordingly, remand is not warranted on this issue.  However, since this matter is being remanded, on remand the Commissioner is not precluded from seeking the assistance of a medical expert if the Commissioner determines it would be appropriate.

## 2. Vocational Expert

At step four, plaintiff has the burden of showing that she could no longer perform her past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).  This duty requires the ALJ to examine plaintiff's "'residual functional capacity and the physical and mental demands of [plaintiff's] past relevant work." Id. at 844-45 (quoting 20 C.F.R. §§ 404.1520(e), 416.920(e)).  Plaintiff must be able to perform her past relevant work either as actually performed or as generally

performed in the national economy. Id. at 845 ("[w]e have never required explicit findings at step four regarding a [plaintiff's] past relevant work both as generally performed and as actually performed")(emphasis in original).

The Social Security regulations provide that "the ALJ may draw on two sources of information to define [plaintiff's] past relevant work as actually performed: (1) [plaintiff's] own testimony, and (2) a properly completed vocational report." Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th cir. 2002)(citation omitted). "In assessing [plaintiff's] testimony, the ALJ is responsible for determining credibility and resolving conflicts and ambiguities." Id. at 1083-84(citation omitted).

In her disability report, plaintiff stated that her past work (for over 20 years) was as a "laundry presser." (TR 83). She described this job as requiring standing for eight hours by a presser machine, lifting "things", hangers and shirts, and frequently lifting less than 10 pounds with the heaviest weight lifted being 40 pounds. Id. At the hearing under questioning by her attorney, she testified that the heaviest weight she lifted was 50 pounds and that her job involved bending, hanging up shirts and pressing the pedal on the machine. (TR 273-74). The ALJ properly relied on plaintiff's description of her job and compared her described responsibilities with her residual functional capacity in coming to the conclusion that plaintiff could perform her past relevant work. (TR 19); Pinto v. Massanari, 249 F.3d at 844-45; Lewis v. Barnhart, 281 F.3d at 1083.

Since this matter is being remanded and the Commissioner will have a chance to reassess plaintiff's residual functional capacity and may find it necessary to proceed to step five of the sequential evaluation,

in which case the Commissioner may find it appropriate to elicit the testimony of a vocational expert.

## REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: 12/12/05

/ S /
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

16