UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILOMENA NIETA LUA,                )    NO. ED CV 05-0707-CT
                                   )
            Plaintiff,             )    OPINION AND ORDER RE: APPLICATION
                                   )    FOR ATTORNEY'S FEES UNDER THE
            v.                     )    EQUAL ACCESS TO JUSTICE ACT
                                   )
JO ANNE B. BARNHART,               )
COMMISSIONER, SOCIAL SECURITY      )
ADMINISTRATION,                    )
                                   )
            Defendant.             )
                                   )
_____   )

     This matter is before the court on plaintiff's application for
attorney's fees under the Equal Access to Justice Act ("EAJA"), 28
U.S.C. § 2412(d).  The court has reviewed and considered the record in
this case, as well as the memoranda filed in support of and in
opposition to said application.  As set forth below, the plaintiff's
application of EAJA fees is **GRANTED IN PART** and plaintiff is awarded
**$2,120.72** in attorney's fees under the EAJA.

                      **SUMMARY OF PROCEEDINGS**

     On August 3, 2005, plaintiff, Filomena Nieto Lua ("plaintiff"),
filed a complaint seeking judicial review of the denial of benefits by
the Commissioner pursuant to the Social Security Act ("the Act").  On
November 9, 2005, plaintiff filed a brief in support of the complaint

contending that the ALJ failed to properly consider the opinion of plaintiff's treating physician; failed to properly assess plaintiff's credibility and the credibility of her daughter's statements; and, failed to obtain and consider vocational and medical expert testimony. On December 8, 2005, the Commissioner filed a brief in opposition to the relief requested in the complaint.

On December 12, 2005, the court issued an opinion and order remanding that matter to the Commissioner for further administrative action because the ALJ failed to translate the opinion of plaintiff's treating physician, Dr. Ralph Steiger, given in connection with her worker's compensation case into Social Security terminology, and erroneously assumed that the physician's conclusions supported the ALJ's determination that plaintiff could perform medium work and could return to her past relevant work.   With respect to plaintiff's other assignments of error, the court found no material error, that the ALJ's findings were supported by substantial evidence, and that remand was not warranted as to those issues.

On March 13, 2006, plaintiff, through counsel, filed an application for attorney's fees pursuant to the provisions of the EAJA, 28 U.S.C. § 2412(d).

## DISCUSSION

Under the EAJA, a prevailing party is entitled to an award of attorney's fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."   28 U.S.C. § 2412(d)(1)(A).

A.   **Entitlement to EAJA Fees**

   1.   **Prevailing Party**

1    The parties do not dispute that plaintiff is the prevailing party.

2    See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993)(a party who wins a

3    remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a

4    "prevailing party").

5        **2.   Substantial Justification**

6        The Commissioner argues that her position was substantially

7    justified.  The court disagrees with respect to the issue that resulted

8    in an administrative remand.

9        While the language of the EAJA creates a presumption of a fee

10   award, the existence of that presumption does not detract from the

11   court's duty to evaluate whether the position of the United States was

12   substantially justified.  U.S. v. 313.34 Acres of Land in Jefferson

13   County, 897 F.2d 1473, 1477 (9th Cir. 1989).  There is no presumption

14   that the government's position was not substantially justified merely

15   because the government lost the case.  See S. Rep. No. 253, 96th Cong.,

16   1st Sess. At 7 (1979) and H.R.Rep. No. 1418, 96th Cong., 2d Sess. At 11

17   (1980), reprinted in 1980 U.S.C.A.N. 4984.

18       The United States Supreme Court has found that the statutory phrase

19   "substantially justified" does not mean "justified to a high degree,"

20   but rather "justified in substance or in the main," *i.e.*, a reasonable

21   basis in both law and fact.  See Pierce v. Underwood, 487 U.S. 552, 565

22   (1988).  The term "position" includes underlying agency action and the

23   legal position of the United States during litigation.  Andrew v. Bowen,

24   837 F.2d 875, 878 (9th Cir. 1988)(citations omitted).  Thus, "whether the

25   claimant is ultimately found to be disabled or not, the government's

26   position at each stage of the proceedings must be 'substantially

27   justified.'" Corbin v. Apfel, 149 F.3d 1051, 1053(9th Cir. 1998)(finding

28

                                   3

that although plaintiff was ultimately determined to be not disabled,
remand was necessitated at an earlier stage by the ALJ's failure to make
required findings and the government's defense of those errors on appeal
was not "substantially justified").

Dr. Steiger's opinion was articulated in California worker's
compensation terminology and was inconsistent with the ALJ's
determination that plaintiff could return to her past relevant work.
The ALJ erred in failing to translate Dr. Steiger's opinion into Social
Security terminology.  See Desrosiers v. Secretary of Health and Human
Services, 846 F.2d 573, (9th Cir. 1988)(finding that the ALJ's decision
was not supported by substantial evidence where the ALJ incorrectly
found that the opinions of plaintiff's doctors in his worker's
compensation case contradicted plaintiff's claim of disability because
the ALJ failed to translate the doctor's use of worker's compensation
terminology into Social Security terminology); see also Booth v.
Barnhart, 181 F.Supp.2d 1099, 1106 (C.D. Cal. 2002)(although in
analyzing medical opinions using state worker's compensation terminology
the ALJ is entitled to draw inferences logically flowing from the
evidence, the ALJ's decision "should explain the basis for any material
inference the ALJ has drawn from those opinions so that meaningful
judicial review will be facilitated").

Due to this error, the ALJ also failed to provide specific and
legitimate reasons supported by substantial evidence for rejecting or
discounting Dr. Steiger's opinion in favor of that of the State Agency
physician.  See Lester v. Chater, 81 F.3d 821, 830(9th Cir. 1996).

The Commissioner argues that regardless of any error in evaluating
Dr. Steiger's opinion, the ALJ's position was reasonable because it was

4

1  consistent with the residual functional capacity assessment by the non-
2  examining State Agency physician.  See Morgan v. Comm'r, 169 F.3d 595,
3  600(9th Cir. 1999)(opinions of non-examining physician may serve as
4  substantial evidence when they are supported by other evidence in the
5  record and are consistent with it).  The Commissioner relies on Lewis v.
6  Barnhart, 281 F.3d 1081 (9th Cir. 2002), in which the Ninth Circuit
7  upheld the district court's denial of EAJA fees despite the ALJ's
8  mischaracterization of the plaintiff's statements as to the exertional
9  requirements of her past relevant work.  However in Lewis, the sole
10  error was in the ALJ's characterization and weighing of the plaintiff's
11  testimony concerning her duties at her past relevant work.  The court
12  found the ALJ's determination, although error, had a reasonable basis in
13  law, because the ALJ is required to assess the plaintiff's testimony and
14  may use that testimony to determine the plaintiff's past relevant work.
15  Id. at 1084.  The ALJ's determination had a reasonable basis in fact
16  because the plaintiff had given conflicting statements about the
17  exertional requirements of her past relevant work.  Id.  In denying fees
18  and determining that the Commissioner's position was substantially
19  justified, the district court also properly considered that the
20  magistrate judge had recommended affirming the Commissioner's decision.
21  Id.

22      Unlike the Commissioner in Lewis, the ALJ did not follow the
23  analysis required by the regulations.  The law requires the ALJ to
24  consider the treating physician's opinion in determining plaintiff's
25  residual functional capacity, which the ALJ cannot do until he
26  determines what the physician's opinion actually is – e.g., by
27  translating opinions made in the Worker's Compensation context into

28

Social Security terms.  See Desrosiers, 846 F.2d at 576; see also 20 C.F.R. §§ 404.1527(evaluation of medical opinion evidence); 404.1545 (a)(3)(assessment of residual functional capacity will be based "on all of the relevant medical and other evidence").  The law also requires the ALJ to provide specific and legitimate reasons for rejecting the treating opinion when that treating opinion conflicts with other medical opinions.  Lester, 81 F.3d at 830.  Further, the State Agency physician's opinion was based in part on Dr. Steiger's opinion, which the State Agency physician accorded "substantial weight."  (TR 238). The State Agency physician did not attempt to translate Dr. Steiger's opinion from California worker's compensation terminology, but instead appears to have incorrectly assumed, like the ALJ, that Dr. Steiger's opinion that plaintiff was precluded from "heavy" lifting meant that plaintiff could perform medium work as that term is defined by Social Security law.

Thus, while the Commissioner may ultimately determine that plaintiff can work, the Commissioner's position at this stage of the proceedings was not substantially justified.[1]  Corbin, 149 F.3d at 1053.

**B.   Amount of Fees**

The Commissioner objects to the amount of fees charged by plaintiff's counsel, contending that plaintiff's fee request should be

---

[1]  Plaintiff's counsel asserts in his application and reply brief that the court's opinion and order determined that the ALJ "materially misrepresented" Dr. Steiger's opinions.  (See Reply at 3).  That is not correct.  The court did not find any intentional misrepresentation by the Commissioner.  Rather, the court found that the ALJ "misinterpreted" Dr. Steiger's opinions. (See Opinion and Order at 8).

1  reduced by 5 hours and 55 minutes.[2]   The court agrees.

2      When a plaintiff is eligible for fees under the EAJA, the court

3  must determine The Court must therefore determine what fees are

4  "reasonable attorney fees" for the work performed in this case.   28

5  U.S.C. § 2412(d)(2)(A).  Plaintiff has the burden of proving by clear

6  and convincing evidence, including proper documentation, that the hours

7  claimed were reasonably expended and not "excessive, redundant, or

8  otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.

9  Ct. 1933, 76 L. Ed. 2d 40 (1983).

10      The Court must provide "a concise but clear explanation of its

11  reasons for the fee award." Hensley, 461 U.S. at  437; Sorenson v.

12  Mink, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (noting applicability of

13  Hensley to social security cases).  "Courts need not attempt to portray

14  the discretionary analyses that lead to their numerical conclusions as

15  elaborate mathematical equations, but they must provide sufficient

16  insight into their exercises of discretion to enable [a reviewing court]

17  to discharge [its] reviewing functions." Sorenson, 239 F.3d at 1145

18  (internal quotations and citation omitted).

19      Here, the Commissioner does not contest the hourly rate charged by

20  plaintiff's counsel and the court finds that the hourly rates charged by

21  plaintiff's counsel, $160.00 per hour for hours billed between July 2005

22  to December 2005 and $163.75 per hour for hours billed from January 2006

23

24

25

26      [2]   The Commissioner's opposition to the fee application was
made before plaintiff filed her reply and therefore did not

27  consider whether the amount sought for preparation of the reply
brief in support of the fee application was reasonable.

28

to the present, are reasonable.[3]

The Commissioner does contest fees charged by plaintiff's counsel for one hour of performing clerical tasks on August 13, 2005 through August 27, 2005. These fees were for preparing proofs of service and the form consent to proceed before the magistrate judge. The court agrees that the preparation of proofs of service and the consent to proceed are essentially clerical tasks not appropriate to bill at an attorney's rate. Accordingly these hours are not appropriately included. See Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); Sorenson v. Concannon, 161 F.Supp.2d 1164, 1168 (D.Or. 2001)(deducting hours for purely clerical work).

The Commissioner also objects to counsel's seeking compensation for 1.4 hours for reviewing defendant's 10 page brief and issues and authority in plaintiff's brief. The Commissioner contends that this task could have been completed in only one hour. The court finds this a reasonable reduction, considering the length of the parties' briefs.

---

[3]   Attorney fees awarded under the EAJA are capped by Congress. Sorenson v. Mink, 239 F.3d at 1145. The hourly fee limit is $125. Id.; Pub. L. 104-121, 110 Stat. 847, 863, §§ 232(b)(1), 233 (1996); see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) (the hourly fee is capped at $125). The fee may be adjusted to compensate for cost-of-living increases. Sorenson v. Mink, 239 F.3d at 1148 (citing 28 U.S.C. § 2412(d)(2)(A)). In determining the cost-of-living increase, the court must use the version of the CPI-U "that applied to the years in which the hours were expended," not the CPI-U "current at the time [the court] issued its order." Id. at 1148. Plaintiff's counsel calculated his hourly rate based on the CPI for the Los Angeles-Orange County areas applicable to the years in which he billed the hours. (See Application, Ex. C).

The Commissioner also objects to plaintiff's counsel spending 6.25 hours on drafting the informal EAJA request and the application for EAJA fees.  The Commissioner contends that this should be reduced to two hours.  The court agrees with this reduction given the standard nature of the informal EAJA request, the limited research and original drafting required for the EAJA application, and the fact that counsel's fees for work related to the merits are being reduced.  See Durrett v. Cohen, 790 F.2d 360, 363(3d Cir. 1986)(reduction in fees requested for work on the case merits generally calls for a corresponding reduction of the fees requested for preparation of the fee petition).  For these same reasons, the court additionally finds that plaintiff's request for an additional $450.00 in attorney's fees for preparing the reply to the EAJA application is excessive.  The court finds that plaintiff should be entitled to no more than 1 hour and 45 minutes for the time spent preparing the reply.

Accordingly, IT IS ORDERED THAT:

1.   Plaintiff is entitled to attorney's fees under the EAJA;

2.   The hourly rates charged by plaintiff's counsel, $160.00 per hour for hours billed between July 2005 to December 2005 and $163.75 per hour for hours billed from January 2006 to the present, are reasonable;

3.   The total amount of fees requested are not reasonable for the reasons set forth above and the court finds that counsel's fees should be reduced by 6 hours 55 minutes (1 hour and 40 minutes at $160.00 per hour [$265.60] and 5 hours 15 minutes at $163.75 per hour [$856.68]) for a total EAJA fee award of $ 2,120.72.

4.    Plaintiff's request for the $250.00 filing fee is DENIED.  The filing fee is a cost under 28 U.S.C. § 1920.  See also Central District Local Rule 54-4.1.  Costs must be applied for in a timely Notice of Application to Tax Costs and a verified Bill of Costs pursuant to Local Rule 54-3.

**IT IS SO ORDERED.**

DATED: April 11, 2006

_____/s/_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE